MERCHANTS' & PLANTERS' OIL CO. v. KENTUCKY REFINING CO.

(Circuit Court of Appeals, Fifth Circuit.   May 11, 1897.)

No. 515.

PLEADING AND PROOF—VARIANCE—DECEIT—BREACH OF CONTRACT.

Plaintiff brought an action according to the Texas practice to recover possession of certain oil cars, with actual and exemplary damages for the wrongful detention thereof, alleging that defendant obtained possession of the cars by fraudulently pretending to have for sale, and to sell to plaintiff, cotton-seed oil of a certain grade, to be transported in said cars, but that in fact it had no oil of that grade.  Judgment for possession and for the rental value of the cars having been rendered for plaintiff, *held*, that

there was no merit in defendant's contention that there could be no recovery of rental value because the action was one for deceit, whereas the evidence showed that the cause of action, if any, was for a breach of contract, and hence that there was a fatal variance between the allegations and the proofs.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This was an action by the Kentucky Refining Company against the Merchants' & Planters' Oil Company to recover possession of certain oil cars, with damages for their detention. In the court below the jury found for plaintiff as to the title and possession of the cars, and also found he was entitled to $640 as the reasonable rental of the cars for the period of detention. Judgment having been entered on the verdict, the defendant sued out this writ of error.

The plaintiff in its second amended original petition alleged, in substance, that about March 12, 1893, plaintiff owned and was in possession of the eight cars in question; that on that day the defendant unlawfully took said cars from plaintiff's possession, and has since wrongfully detained them; that the reasonable value of the use of each of said cars was $5 per day, which defendant well knew. The plaintiff further alleged that defendant fraudulently induced plaintiff to send its cars from its place of business at Louisville, Ky., to defendant, at Houston, Tex., by fraudulently representing, through its agents, that it had 1,000 barrels strictly prime yellow summer cotton-seed oil, which it would sell to plaintiff if the latter would send sufficient oil cars to transport the same; that plaintiff, believing these representations, accepted the offer, and requested defendant to send it a sample of the oil; that, on defendant's insistence, it forwarded the cars before receiving the sample; that the sample, when received, showed that the oil was not strictly prime summer yellow, but was of an inferior grade, and plaintiff at once notified defendant that it would not accept any but strictly prime summer yellow cotton-seed oil, to which defendant replied that it had no such oil; that plaintiff, having in this manner wrongfully obtained possession of the cars, failed and refused to deliver them up on demand by plaintiff, but unlawfully and wrongfully held them until plaintiff obtained possession by the writ of sequestration issued in this suit. The plaintiff prayed judgment for actual damages in the sum of $8,000, alleged to consist of the reasonable rental value of the cars, the expenses incident to sending them to defendant, and to obtaining possession by means of the writ of sequestration, and to sending agents from Louisville and Chicago to Galveston, Tex., to represent plaintiff in the suit, and to testify therein. Plaintiff further asked exemplary and vindictive damages in the sum of $50,000 for the fraudulent and malicious acts of defendant in inducing plaintiff to send it the cars, etc.

To this pleading the defendant set up a counterclaim and plea in reconvention, in which it was alleged, in substance, that about February 28, 1893, the plaintiff, in the usual course of business, purchased from defendant, through Benjamin McLean & Co., acting as brokers, 1,000 barrels of yellow prime cotton-seed oil, to be delivered by defendant at its mills in Houston, Tex., in tank cars to be furnished by plaintiff, at the price of 50 cents per gallon, amounting to $25,000. Defendant alleged that it stood ready at all times to comply with its part of the contract, and that plaintiff neglected to forward the cars promptly as agreed, and did not forward them until three weeks after the sale. Defendant further charged that plaintiff violated its contract of sale, refused to pay for the oil, and notified defendant not to ship it; that the price of oil declined after the sale, and for this reason, and no other, plaintiff refused to accept the oil tendered. Defendant further alleged that thereafter it tried to sell the oil elsewhere, but that 40 cents per gallon was the highest price it could obtain for it, by reason whereof it was damaged in the sum of $6,000, for which it prayed judgment.

The first trial of the case resulted in a verdict and judgment for plaintiff; but the judgment was reversed on error, by this court. See 69 Fed. 218. On

the second trial the court charged the jury to find for plaintiff as to title and ownership of the cars, and for defendant on the question of exemplary damages, but submitted to the jury the question of the rental value of the cars during their detention; refusing defendant's request to instruct the jury that defendant could recover nothing on this head because the action was for deceit, and the allegations and proofs did not correspond. A verdict was rendered accordingly, fixing the damages at $640, and, to review the judgment entered thereon, defendant sued out this writ of error.

Jas. A. Baker, Jas. A. Baker, Jr., R. S. Lovett, and Frank Andrews, for plaintiff in error.

The plaintiff's petition in this case states an action for tort and deceit, alleging the details of the transaction between plaintiff and defendant by way of inducement. The evidence discloses a contract between the parties, and that, if the plaintiff had any cause of action, it was for a breach of the same. There is a fatal variance between the allegata and the probata, and the declaration in the petition of an action of tort is not supported by the evidence, because the evidence discloses a contract, and the plaintiff cannot sue for tort and recover for breach of contract, and the verdict and judgment are wholly without any legal evidence to support them. Cooley, Torts, p. 106; 1 Wait, Act. & Def. p. 132; 5 Am. & Eng. Enc. Law, p. 30; Benj. Sales (2d Ed.) p. 1075; 28 Am. & Eng. Enc. Law, p. 60; Johnson v. Moss, 45 Cal. 515; Boardman v. Griffin, 52 Ind. 101; Long v. Doxey, 50 Ind. 385; Waldhier v. Railway Co., 71 Mo. 514; Buffington v. Railway Co., 64 Mo. 246; Hackett v. Bank, 57 Cal. 335; Rothe v. Rothe, 31 Wis. 570; De Graw v. Elmore, 50 N. Y. 1; Ross v. Mather, 51 N. Y. 108; People v. Dennison, 84 N. Y. 272; Watts v. McAllister, 33 Ind. 264; Johannesson v. Borschenius, 35 Wis. 131; Beck v. Ferrara, 19 Mo. 30; Dean v. Yates, 22 Ohio St. 388; People v. Cushman, 1 Hun, 73; Masten v. Griffing, 33 Cal. 111; Cowles v. Warner, 22 Minn. 449; Cummings v. Long, 25 Minn. 337; 28 Am. & Eng. Enc. Law, 61; Sanches v. Railway Co., 88 Tex. 117, 30 S. W. 431.

Samuel R. Perryman, for defendant in error.

Under the statutory laws of Texas the pleader is required to set forth a full and clear statement of the cause of action, and such other allegations pertinent to the cause as the plaintiff may deem necessary to sustain his suit, and state the nature of the relief which he requests of the court. The pleading shall consist of a statement, in logical and legal form, of the facts constituting the plaintiff's cause of action or the defendant's ground of defense. This proposition virtually copies articles 1195 and 1197 of the Revised Statutes of Texas of 1879. Construing these statutes in Estes v. Browning, 11 Tex. 237, it is said: "We have no forms of action, and if, upon the facts stated, the plaintiff be entitled to recover, he may have his judgment; also, a trespass may be waived, and suit brought for the value of the use and occupation." In Shirley v. Railway Co., 78 Tex. 131, 10 S. W. 543, it is said, "A tort is generally described as a wrong independent of a contract, though it is conceded that a tort may grow out of, make a part of, or be coincident with, a contract." See, also, Cooley, Torts, p. 3, note 1; Railway Co. v. Levy, 59 Tex. 548; Pridgin v. Strickland, 8 Tex. 427.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. This was an action to recover the title and possession of certain cars, with actual and exemplary damages for their unlawful detention. The plaintiff, in the circuit court, claimed that the defendant had fraudulently obtained possession of the said cars and unlawfully detained the same. There was evidence tending to establish the plaintiff's claim of ownership, and for actual damages. The trial judge charged the jury to find for the plaintiff

as to the title and ownership, and for the defendant on the question of exemplary damages, to all of which there was no objection. He submitted to the jury, on the evidence, the question as to whether the plaintiff was entitled to recover the rental value of the cars during their detention, as actual damages; refusing the request of the defendant to instruct the jury that in no event was the plaintiff entitled to recover anything for, or as the value of, the use and hire of the cars in question, because the action was one for deceit, and that the allegata and probata did not correspond, and because there was no legally sufficient evidence upon which to base a verdict for the plaintiff. The jury found for the plaintiff as to the title and possession, and further in the sum of $640, as the amount shown by the evidence to be the reasonable rental value of the cars for the time of their detention. The defendant below sued out this writ of error. We have carefully considered the errors assigned, in the light of the very able briefs of counsel, but are unable to find merit in them. Judgment affirmed.